**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAIRY KING d/b/a DELICIOUS PIZZERIA,

    Plaintiff/Counter-Defendant,

                                                                      Case No. 10-CV-12209

v.

                                                                       HONORABLE DENISE PAGE HOOD

HARTFORD CASUALTY INSURANCE
COMPANY,

    Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER REGARDING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    BACKGROUND**

On June 4, 2010, Defendant Hartford Casualty Insurance Company ("Hartford") removed the instant action from the Wayne County Circuit Court, State of Michigan. Plaintiff Dairy King "Dairy King" d/b/a Delicious Pizzeria filed a Complaint seeking a judgment to order Hartford to submit to an appraisal under M.C.L. 500.2833(1)(m) to determine the amount of loss suffered by Dairy King. Hartford filed an Answer and a Counterclaim for Declaratory Judgment that the parties have settled the matter or, alternatively, that the appraisal is premature since Dairy King has failed to file a proper proof of loss as required by the statute.

Hartford insured the property against loss pursuant to a commercial insurance policy issued on January 9, 2008. On October 11, 2008, a fire caused damage to Dairy King's business and property located at 7701 McGraw, Detroit, Michigan. Abe Hassan, a principal of Dairy King, filed a claim with Hartford. The first payment for property damages on the claim was issued on February

2, 2009 for $20,000. A second payment for property damages was made on June 19, 2009 for $28,660.78. The last property damage check for the balance of the property damage claim was issued on July 11, 2009 in the amount of $10,165.60.

The policy provides coverage for business income losses resulting from covered events during the period of restoration. Dairy King claims that it is entitled to 12 months of business income loss and that the parties agreed to business income loss of $9,332.52 per month, for a total of $111,990.24. Hartford claims the period of restoration was 60 days, instead of 12 months. As of October 5, 2009, Hartford had paid $24,207.93 towards the business income loss. On November 18, 2009, Hartford sent a check for $3,789.63 with the words "final payment" on the check stub. Dairy King did not negotiate the check. On December 11, 2009, Hartford issued an additional check for $27,997.56. This check did not state "final payment" but Hartford claims that the check was a settlement of the business income loss claim by Dairy King as evidenced in a January 14, 2010 letter from Hartford to Dairy King.

Dairy King met with counsel sometime before the December 11, 2009 check was issued. Dairy King's counsel demanded appraisal of the business income loss dispute since the parties could not agree on an amount. Hartford responded that the December 11, 2009 check was the final payment based on the parties' verbal agreement to settle the matter. Dairy King's counsel indicated in a January 18, 2010 correspondence that there was no settlement and that the December 11, 2009 check was not a final payment. Hartford repeatedly referred to a final verbal settlement although it agreed there were no documents memorializing the settlement, only the payment history and the parties' verbal agreement. Hartford sent correspondences to Dairy King on January 27, 2010 and March 10, 2010 regarding the final payment and verbal agreement. Dairy King returned the

December 11, 2009 check to Hartford with a correspondence on April 13, 2010 indicating there was no settlement, demanding an appraisal to determine the business income loss. Dairy King thereafter filed the instant suit.

This matter is now before the Court on the parties' cross-motions for summary judgment. Responses and replies have been filed. A hearing was held on the matter and the Court issued its ruling on the record.

## II. ANALYSIS

### A. Standard of Review

Rule 56(c) of the Rules of Civil Procedures provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.,* 477 U.S. at 322-23. Summary judgment must be entered against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B. Accord and Satisfaction versus Verbal Settlement

Dairy King argues that Hartford's accord and satisfaction affirmative defense to Dairy King's claim that an appraisal is required under Michigan law and the policy in order to determine the business income loss dispute cannot stand. Hartford argues that although it lists the accord and satisfaction affirmative defense in its Answer, it is not relying on that defense but on the affirmative defense that the parties reached a verbal agreement to settle the business income loss claim. Hartford argues that when parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement, citing *RE/MAX Int'l, Inc. v. Realty One, Inc.,* 271 F.3d 633, 646 (6th Cir. 2001); *Thomas M. Cooley Law School,* 376 F.Supp.2d 758, 774 (W.D. Mich. 2005).

An accord and satisfaction is an affirmative defense grounded on contract principles. *Hoertsman General Contracting, Inc. v. Hahn,* 474 Mich. 66, 70 (2006). An accord is a contract and requires a meeting of the minds of those who enter into it. *Id.* A satisfaction is the discharge of the debt occurring after acceptance of the accord. *Id.* at 71. Cases in which an accord and satisfaction defense is relevant involve a good faith dispute about an unliquidated amount owing under a contract. *Id.* One party makes a tender in satisfaction of the claim (an accord). The other

4

party either accepts or rejects the accord. If the second party accepts the tender, there is both an accord and satisfaction. *Id.*

In Michigan, the Supreme Court has handled common-law accord and satisfaction in two ways. The first holds that whether there was a sufficient meeting of the minds for an accord and satisfaction is a question for the jury. The second holds that the required meeting of the minds is implied as a matter of law by the acceptance of the offer and that the fact that the recipient altered or crossed out the accord is irrelevant. *Id.* Where a check is involved, the Legislature enacted MCL 440.3311 which followed the second line of cases which effectively repudiates any application of the first line of cases to accord and satisfactions in involving negotiable instruments. *Id.* at 72. MCL 440.3311 controls all accord and satisfactions involving negotiable instruments, not common law. *Id.* at 72, 75-76. There are four requirements of an accord and satisfaction under MCL 440.3311: 1) good-faith tender to the claimant as full satisfaction of the claim; 2) the claim is unliquidated or subject to a bona fide dispute; 3) the claimant must obtain payment of the instrument, such as negotiating the tendered check; and 4) the claim is discharged. *Id.* at 77-78. A claim is discharged if the instrument, or an accompanying written communication, contains a conspicuous statement that the tender is in full satisfaction of the claim or if the claimant or claimant's agent knew that the defendant tendered the instrument in full satisfaction of the claim. *Id.* at 78.

Given the Michigan Supreme Court's holding that where a negotiable instrument is involved in an attempt to satisfy an unliquidated or bona fide dispute, MCL 440.3311 controls and not common law, Hartford's argument that there existed a verbal settlement agreement between the parties must fail. The cases cited by Hartford, *RE/MAX* and *Cooley,* are inapplicable since these

cases do not involve a negotiable instrument or a check to satisfy an unliquidated claim. Both cases involved situations where the parties were in litigation and the parties agreed to settle the lawsuits, placing their agreement on the record. Here, Hartford tendered to Dairy King a check to satisfy, or to put in Hartford's words, "to settle" the business income loss claim. The business income loss claim was subject to a dispute between the parties. However, Dairy King did not obtain payment of the instrument since Dairy King did not negotiate the tendered check. Although Hartford argues that Dairy King knew that the tendered check was to settle the business income loss claim, there was no "final payment" notation on the check or an accompanying letter indicating the check was a final payment or settlement of the business income loss claim. In any event, the tendered check was returned to Hartford. Dairy King did not accept the payment tendered by Hartford when it returned the check to Hartford. There was no accord and satisfaction in this case nor a verbal settlement in this matter. Hartford's verbal settlement defense, as well as any accord and satisfaction defense, must be dismissed. Hartford's motion seeking declaration that there exists a verbal settlement is denied.

  **C.**   **Appraisal**

Dairy King seeks an order requiring Hartford to comply with MCL 500.2833 in order to resolve the "amount of loss" dispute. Hartford argues that since the parties have settled the matter, there is no need to go forward with an appraisal.

Because Hartford's argument that the matter has been settled fails, Hartford has no defense to Dairy King's motion for an order to go forward with an appraisal under MCL 500.2833:

> (1) Each fire insurance policy issued or delivered in this state shall contain the following provisions:

>        \*   \*   \*

> (m) That if the insured and insurer fail to agree on the ... amount of the loss, either party may make a written demand that the amount of the loss ... be set by appraisal.

MCL 500.2833(1)(m). The policy at issue contains such an appraisal provision. (Ex. A to Dairy King's Motion, Form SS 01 31 03 07, p. 2 of 2)

Here, the parties failed to agree on the amount of the business income loss. Dairy King made written demands for an appraisal on January 13 and 18, 2010 and finally on April 13, 2010. (Exs. M, N and R to Dairy King's Motion) Dairy King is entitled to an appraisal under Michigan law and the policy at issue.

### III. CONCLUSION

For the reasons set forth above and on the record, Hartford's Motion for Summary Judgment is denied and Dairy King's Motion for Summary Judgment for an appraisal is granted. Accordingly,

IT IS ORDERED that the Motion for Summary Judgment filed by Dairy King (**No. 11, filed 8/23/2010**) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Hartford (**No. 12, filed 8/23/2010**) is DENIED. The Counterclaim (**No. 7, 6/9/2010**) is DISMISSED.

IT IS FURTHER DECLARED that Dairy King is entitled to an appraisal as set forth above and damages in the amount of the appraisal.

DATED: December 22, 2010                    S/DENISE PAGE HOOD
                                            DENISE PAGE HOOD
                                            UNITED STATES DISTRICT JUDGE